UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MISTY DAWN HILLARD TRUST et al., <br><br>　　Plaintiffs, <br><br>v. <br><br>MONEISHA CRUDUP et al., <br><br>　　Defendants. | Case No. 3:22-cv-00392 <br><br>Judge Eli J. Richardson <br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

　　On September 20, 2022, the Court found that pro se Plaintiffs Andre Lemaurio Johnson, the Misty Dawn Hillard Trust, and the Amuur Matiyn El Trust had not responded to Defendants Moneisha Crudup and William Rogers's motion to dismiss the plaintiffs' complaint and had failed to secure counsel to represent the Misty Dawn Hillard Trust and the Amuur Matiyn El Trust, which may not proceed in federal court without representation. (Doc. No. 14.) The Court therefore ordered the plaintiffs to show cause by October 4, 2022, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for the plaintiffs' failure to prosecute their claims. (*Id.*) The Court also ordered the plaintiffs to file any response in opposition to the defendants' motion to dismiss by the same date. (*Id.*) The plaintiffs have not responded to the Court's show-cause order or the defendants' motion to dismiss.

　　For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss the plaintiffs' complaint without prejudice under Rule 41(b) for failure to prosecute and find moot the defendants' motion to dismiss.

## I. Factual and Procedural Background

The plaintiffs initiated this action in the Chancery Court for Davidson County, Tennessee, by filing a pro se complaint against Crudup and Rogers alleging claims arising out of a real estate transaction gone wrong. (Doc. No. 1-1.) Crudup and Rogers removed this action to federal court (Doc. No. 1) and filed a motion to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief may be granted (Doc. No. 4). Before Crudup and Rogers filed their motion to dismiss, the plaintiffs filed a response to the defendants' notice of removal (Doc. No. 3) that the Court construed as a motion to remand (Doc. No. 9) and denied (Doc. No. 13).

On September 20, 2022, the Court found that the plaintiffs had not filed a response in opposition to the Crudup and Rogers's motion to dismiss within the timeframe provided under this Court's Local Rules. (Doc. No. 14.) The Court further found that the Misty Dawn Hillard Trust and the Amuur Matiyn El Trust must be represented by counsel to pursue their claims in this action. (*Id.*) The Court therefore ordered the plaintiffs to show cause by October 4, 2022, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 41(b) for the plaintiffs' failure to prosecute their claims and ordered the plaintiffs to file a response to the defendants' motion to dismiss by the same date. (*Id.*) The Court warned the plaintiffs that failure to comply would "likely result in a recommendation that their complaint be dismissed." (*Id.* at PageID# 364.)

The docket shows that the plaintiffs have not filed responses to the Court's show-cause order or the defendants' motion to dismiss, and no counsel has entered an appearance on behalf of the Misty Dawn Hillard Trust or the Amuur Matiyn El Trust.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by the plaintiffs.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated the plaintiffs' failure to respond to the defendants' motion to dismiss and failure to respond to the Court's show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to

Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Crudup and Rogers have filed a motion to dismiss the plaintiffs' complaint. (Doc. No. 4.) Because filing a motion to dismiss is a typical step in early litigation, the second factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

5

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned the plaintiffs that failure to respond to its show-cause order and file a response in opposition to the defendants' motion to dismiss would likely result in a recommendation of dismissal. (Doc. No. 14.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though the defendants have filed motions to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiffs appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for the plaintiffs' failure to prosecute and that the defendants' motion to dismiss (Doc. No. 4) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt

of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 21st day of October, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge